Julius Ettelson and Isaac Ettelson, Appellants, v. Frank Sonkopp et al., Appellees.

Gen. No. 23,656.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. JOHN RICHARDSON, Judge, presiding. Heard in this court at the October term, 1917. Judgments affirmed. Opinion filed April 29, 1918.

## Statement of the Case.

Garnishment by Julius Ettelson and Isaac Ettelson, plaintiffs, against Frank Sonkopp and Frank Trentler, garnishees, in which the Drovers National Bank filed an intervening petition, claiming the value of the garnisheed property in the hands of the garnishees was due it. It appeared that the principal debtor had sold certain property to the garnishees, giving them a bill of sale, and had received part of the purchase price in cash and the balance in notes secured by a chattel mortgage on the property. After the execution of the

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

bill of sale the plaintiffs in garnishment had judgment entered by confession against the debtor and on the same day the garnishee summons was sued out in the same court and served the following day.  It appeared that a third person to whom the notes of the garnishees had been indorsed had discounted the notes with the intervening petitioner.  There was a judgment discharging the garnishees and a judgment in favor of the intervening petitioner.  From these judgments, the plaintiffs in garnishment appeal.

BLUM & BLUM, for appellants.

JACOB J. SCHWARTZ, for appellees.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

## Abstract of the Decision.

1. EXEMPTIONS, § 17*—*when exemption in property passes to proceeds of purchase price.*  The mere fact that property sold by a husband and mortgaged back to him is exempt from sale on execution does not invalidate the sale by him, and any exemption which might have been claimed as to such property passes from the property to the purchase price on the transfer.

2. FRAUDULENT CONVEYANCES, § 15*—*when Bulk Sales Act inapplicable.*  The Bulk Sales Act [Callaghan's 1916 St. Supp. ¶ 10021(1) et seq.], does not apply to a transaction which does not involve a sale of merchandise, but of the fixtures, utensils and a horse and wagon used by the seller in conducting a butcher shop.

3. GARNISHMENT, § 63*—*when no recovery against garnishees proper.*  Where the judgment of plaintiffs in garnishment did not become a lien on the debtor's personalty until 15 days after he had transferred it to the garnishees and 13 days after the recording of a chattel mortgage thereon from the garnishees to such debtor, plaintiffs in garnishment cannot recover against the garnishees.

4. GARNISHMENT, § 146*—*when judgment for intervening petitioners not disturbed.*  Even though the judgment in a garnishment proceeding in favor of an intervening petitioner is informal

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

in form, it will not be disturbed on appeal where it is not disputed for that reason by any of the parties.

5. APPEAL AND ERROR, § 1709*—*waiver by court of error in failing to separately docket distinct appeals.* Where there are two appeals in a record, each separate and distinct, each should be docketed separate, but the Appellate Court will, in its discretion, waive the irregularity in the interests of justice.